ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 AUG -8 PM 2:48

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARK WAYNE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-020 |
| | ) | |
| FNU AJIBADE, Doctor, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. nos. 13, 14).[1] The Magistrate Judge recommended that Plaintiff's complaint be dismissed without prejudice as a sanction for abusing the judicial process by providing dishonest information about his prior filing history. (Doc. no. 9.)

---

[1] Plaintiff requested, and was granted, an extension of time in which to file his objections to the R&R. (Doc. nos. 11, 12.) Plaintiff then filed two documents, both of which contain objections to R&R. (Doc. nos. 13, 14.) For ease of reference, the Court will hereinafter refer to both of these documents collectively as Plaintiff's "objections."

Also, the Court notes that Plaintiff has filed a motion asking the Court to provide him with a free copy of the "pro se litigant guide"; he also appears to request a free copy of the entirety of the Local Rules of the Southern District of Georgia, the Federal Rules of Evidence, and Federal Rule of Civil Procedure 11. (Doc. no. 15.) This motion is **DENIED**, as Plaintiff is not entitled to free copies of such documents. See Wanninger v. Davenport, 697 F.2d 992, 994 (11th Cir. 1983) (*per curiam*) ("A prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine . . . ." (citation omitted)); see also Jones v. Franzen, 697 F.2d 801, 803 (7th Cir. 1983) ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox."). Copies of any Court record or paper may be purchased at a cost of $.50 per page from the Clerk of Court.

Plaintiff's objections consist primarily of recitations of inapplicable legal doctrine, such as qualified immunity. (See, e.g., doc. no. 13, p. 2.) Plaintiff also appears to argue that his allegations of inadequate medical treatment qualify him for the "imminent danger" exception to the provision of 28 U.S.C. § 1915(g) that prohibits prisoners from proceeding *in forma pauperis* in civil actions if they have had three or more cases or appeals dismissed for being frivolous, malicious, or failing to state a claim. (See id. at 1, 3; doc. no. 14.) Notably, however, the Magistrate Judge did not recommend dismissing Plaintiff's complaint under § 1915(g), and Plaintiff's objections fail to address his abuse of the judicial process, which the Magistrate Judge properly determined to warrant dismissal of this case without prejudice. Because Plaintiff provides no reason for departing from the conclusions set forth in the R&R, his objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, this action is **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process.

SO ORDERED this ___ day of August, 2011, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

2